**O**

# United States District Court
# Central District of California

| | |
|---|---|
| HENDRICKS & LEWIS PLLC,<br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>GEORGE CLINTON,<br>　　　　　　　Defendant. | Case No. 2:10-cv-09921-ODW(PLAx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR CONTEMPT AND SANCTIONS [243]** |

Before the Court is Defendant George Clinton's Motion for Order of Contempt and Sanctions Against Plaintiff Hendricks & Lewis PLLC ("H&L").  (ECF No. 243.) Clinton contends that H&L is violating this Court's February 25, 2013 Order Re Status Conference and Motions (ECF No. 220) by continuing to enforce a judgment against Clinton in the Middle District of Tennessee.

First, the Court notes that Clinton failed to comply with the meet and confer requirements of Local Rule 7-3.  This alone is sufficient to strike this Motion.[1]  But the Court finds that disposition of this Motion on the merits is in the best interest of the parties and judicial economy.

---

[1] The Court is also deeply concerned about the fact that both parties failed to comply with Local Rule 5-4.5 regarding mandatory chambers copies of all filings.  The Motion and Opposition were lengthy and included a number of exhibits.  The Court warns the parties that flagrant disregard of the Local Rules in the future will result in filings being stricken as well as potential sanctions.

A detailed recitation of the facts is unnecessary for the disposition of this Motion. The parties are well versed in the facts and procedural history of this matter, which was initiated by H&L to enforce a judgment entered against Clinton in the United States District Court for the Western District of Washington. At issue here is the Court's February 25, 2013 Order that directed H&L to "immediately contact all such third party entities and persons to release all sums held, and to instruct that these sums are to be paid into an Attorney Trust Account of [Clinton's] counsel." Clinton contends that this Order prevents H&L from directly recovering funds from third parties in any federal district court. H&L argues that, as a matter of law, the Court's Order is limited to California. H&L is actively seeking to garnish Clinton's earnings from a third party in the Middle District of Tennessee.

A party should not be held in contempt if its actions "appear to be based on a good faith and reasonable interpretation" of a court order. *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993). The Court finds that H&L's actions are based on a good faith and reasonable interpretation of this Court's February 25, 2013 Order. 28 U.S.C. § 1963 entitles a party to register a judgment in any district where the judgment debtor has property to enforce that judgment. The statute's language necessarily allows for a judgment creditor to register the judgment in multiple districts. Once registered, the judgment is treated as a judgment of the registering district and is subject to the enforcement mechanisms of the state in which the district is located. Fed. R. Civ. P. 69(a). In this case, since the Court has applied California law to enforcement of a judgment, H&L's interpretation that the February 25, 2013 Order applied only to its judgment-enforcement efforts in California was reasonable.

Disposition of this Motion for Contempt should not be construed as altering the February 25, 2013 Order, which is currently on appeal in the Ninth Circuit. The Court is also aware that the third party involved in the action in the Middle District of Tennessee is opposing H&L's garnishment efforts. This Court will not interfere with

those proceedings.  *Bergh v. State of Wash.*, 535 F.2d 505, 506 (9th Cir. 1976) (recognizing that courts should exercise restraint "in the name of comity" to keep conflicts between courts at a minimum).

For the reasons discussed above, the Court **DENIES** Clinton's Motion for Contempt.  (ECF No. 243.)  The hearing on this Motion is **VACATED** and taken off calendar.  The parties shall bear their own fees and costs associated with this motion.

**IT IS SO ORDERED.**

February 12, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**