1   KATHERINE HENDRICKS (Admitted Pro Hac Vice)
    kh@hllaw.com
2   HENDRICKS & LEWIS PLLC
3   901 Fifth Avenue, Suite 4100
    Seattle, Washington 98164
4   Telephone (206) 624-1933
    Facsimile (206) 583-2716
5
    MARY H. HAAS (State Bar No. 149770)
6   maryhaas@dwt.com
    DAVIS WRIGHT TREMAINE LLP
7   865 S. Figueroa Street, Suite 2400
8   Los Angeles, California 90017-2566
    Telephone (213) 633-6800
9   Facsimile (213) 633-6899

10  Attorneys for Plaintiff
11  HENDRICKS & LEWIS PLLC

12              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
13

14  HENDRICKS & LEWIS PLLC, a          )   Case No. CV10-09921- ODW (PLAx)
    Washington professional limited    )
15  liability company,                 )   [PROPOSED] FINDINGS AND
                                        )   CONCLUSIONS ON MOTION FOR
16                   Plaintiff,         )   ASSIGNMENT ORDER,
                                        )   RESTRAINING ORDER, AND
17        vs.                           )   DOCUMENT TURNOVER ORDER
                                        )
18  GEORGE CLINTON, an individual,     )
                                        )
19                   Defendant.         )
                                        )
20  ─────────────────────────────────  )

21  I.    BACKGROUND.

22        This matter originally came before the Court on Plaintiff and Judgment

23  Creditor Hendricks & Lewis PLLC's ("H&L") Motion for Assignment Order,
24
    Restraining Order, and Turnover Order filed on December 27, 2010.  (*See* ECF No.
25
26  5.)  The Court denied H&L's motion on September 27, 2011, and H&L appealed.
27

28  [PROPOSED] FINDINGS AND CONCLUSIONS - 1
    {177609.DOCX }

(ECF Nos. 171, 193.)  In response to the Order of the Ninth Circuit directing this Court to provide its reasons for denying H&L's motion (*see* ECF No. 251), on March 27, 2014, the Court stated that if the matter was remanded, the Court would reconsider its prior order and would grant H&L's motion (ECF No. 252).  On April 15, 2014, the Ninth Circuit therefore remanded this matter for further proceedings. (ECF No. 254.)  At the Court's direction, the parties provided supplemental briefing on H&L's motion and having considered that briefing as well as the parties' original briefing and argument on the motion, the Court makes the following findings of fact and conclusions of law.

## II.    FINDINGS OF FACT.

1.    On May 28, 2010, the United States District Court for the Western District of Washington entered judgment in favor of H&L and against Defendant and Judgment Debtor George Clinton for $1,675,639.82.  Pursuant to 28 U.S.C. § 1963, H&L registered that judgment in this District on August 10, 2010.  (ECF No. 1.)

2.    As of December 10, 2010, H&L had collected a total of $47,925.79 on the judgment from executions and levies in the United States District Courts for the Western District of Washington and the Northern District of California.  As of September 12, 2014, the amount collected on the judgment totaled $395,989.76, leaving a balance due of $1,304,340.72, including accrued interest.  H&L has not

[PROPOSED] FINDINGS AND CONCLUSIONS - 2

{177609.DOCX }

received any payments on the judgment since April 2013, when it collected $20,409.20 from a garnishment of Clinton's royalties from Broadcast Music, Inc. ("BMI") in the United States District Court for the Middle District of Tennessee.

3.      All of the payments collected on the judgment to date have been the result of H&L's judgment enforcement actions.  Clinton has made no voluntary payments on the judgment unconnected to H&L's judgment enforcement efforts since the judgment was entered in May 2010.

4.      H&L has two other pending judgment enforcement actions.  One involves an order from the United States District Court for the Western District of Washington appointing a receiver and directing the sale of four copyrights in sound recordings owned by Clinton that is currently on appeal.  The other action involves claims relating to H&L's June 2013 garnishment of Clinton's BMI royalties in the United States District Court for the Middle District of Tennessee.

5.      On December 27, 2010, H&L filed a Motion for Assignment Order, Restraining Order, and Turnover Order seeking an order assigning to it royalty payments due or to become due Clinton from specific third parties and Clinton's business entities under CAL. CIV. PROC. CODE § 708.510.  H&L also sought an order restraining Clinton from assigning or otherwise disposing of those rights to payment sought to be assigned under CAL. CIV. PROC. CODE § 708.520 and

[PROPOSED] FINDINGS AND CONCLUSIONS - 3

{177609.DOCX }

requiring him to provide documentation of those rights to payment under CAL. CIV.

PROC. CODE § 699.040.  (ECF No. 5.)

      6.      In its original motion, H&L sought an assignment of Clinton's royalty

payments due or to become due from the following third-party payors:  UMG

entities (Universal Music Group, Inc.; Universal Music Group; and UMG

Recordings, Inc.); Capitol Records entities (Capitol Records; Capitol Records

Group; Capitol Records, Inc.; Capitol Records, LLC; and Capitol Records North

America); EMI entities (EMI Music; EMI Music North America; EMI-Stone

Diamond Music Corporation; EMI Music Publishing; EMI Longitude Music; and

EMI Group Limited); BMI; Cafepress.com; Evan M. Greenspan, Inc. License

Trust; Jobete Music Company, Inc.; AARC, Royalty Distribution; and

SoundExchange.  (ECF No. 5.)

      7.      H&L's motion also sought an assignment of royalties due from the

following Clinton entities:  P-Funk, Inc. (a California entity); Clijo Productions,

Inc. (a California entity); Disc and Dat, Inc. I (a California entity); Disc and Dat,

Inc. II (a California entity); What Production Company, Inc. (a Florida entity);

Tick Free Music Publishing, Inc. (a Florida entity); The Dog In Me, Inc. (a Florida

entity); The C Kunspyruhzy, LLC (a Florida entity); PFunk Nation Celebration,

Inc. (a Florida entity); Egmitt (a Michigan entity); A Scoop of Poop Productions,

Inc. (a Michigan entity); and Exoskeletol Music (a trade name).  (ECF No. 5.)

[PROPOSED] FINDINGS AND CONCLUSIONS - 4

{177609.DOCX }

8.      At the time H&L filed its original motion in December 2010, all of the

Clinton entities, with the exception of The C Kunspyruhzy, LLC, were suspended

or dissolved.  In June 2014, Clinton reinstated A Scoop of Poop Productions, Inc.,

a Michigan corporation, which had been administratively dissolved for 16 years,

since July 1998.  All of the other Clinton entities remain suspended, dissolved, or

otherwise inactive as of September 9, 2014, with the exception of The C

Kunspyruhzy, LLC, which remains active.

9.      In its supplemental briefing on its assignment motion, H&L refined its

request for relief and now seeks an assignment only of the royalties due or to

become due to Clinton—directly or indirectly through his entities—from the

following third-party royalty payors:  (i) UMG entities (Universal Music Group,

Inc.; Universal Music Group; and UMG Recordings, Inc.); (ii) Capitol Records

entities (Capitol Records; Capitol Records Group; Capitol Records, Inc.; Capitol

Records, LLC; and Capitol Records North America); (iii) EMI entities (EMI

Music; EMI Music North America; EMI-Stone Diamond Music Corporation; EMI

Music Publishing; EMI Longitude Music; and EMI Group Limited); and

(iv) SoundExchange.

## III.    CONCLUSIONS OF LAW.

1.      H&L's judgment was registered in this District under 28 U.S.C.

§ 1963 and it therefore has "the same effect as a judgment of the district court of

the district where registered and may be enforced in like manner."  28 U.S.C.

§ 1963.  Under FED. R. CIV. P. 69, California law governs this judgment

enforcement proceeding.

      2.      In California, all property of the judgment debtor is subject to

enforcement of a money judgment absent a statutory exemption.  CAL. CIV. PROC.

CODE § 695.010(a); *Ford Motor Credit Co. v. Waters*, 166 Cal. App. 4th Supp. 1,

8, 83 Cal. Rptr. 3d 826 (2008).

      3.      Under California judgment enforcement law, the Court "may order the

judgment debtor to assign to the judgment creditor . . . all or part of a right to

payment due or to become due, whether or not the right is conditioned on future

developments[.]"  CAL. CIV. PROC. CODE § 708.510(a).  Royalties and "[p]ayments

due from a . . . copyright" are rights to payment that may be assigned under

Section 708.510.  CAL. CIV. PROC. CODE § 708.510(a)(4), (5).

      4.      All relevant factors may be considered in determining whether to

order an assignment and the amount of the assignment, including:  (a) "[t]he

reasonable requirements of a judgment debtor who is a natural person and of

persons supported in whole or in part by the judgment debtor;" (b) "[p]ayments the

judgment debtor is required to make or that are deducted in satisfaction of other

judgments and wage assignments, including earnings assignment orders for

support;" (c) "[t]he amount remaining due on the money judgment;" and (d) "[t]he

[PROPOSED] FINDINGS AND CONCLUSIONS - 6

{177609.DOCX }

amount being or to be received in satisfaction of the right to payment that may be assigned."  CAL. CIV. PROC. CODE § 708.510(c).

5.      The judgment debtor may claim that rights to payment sought to be assigned are exempt but must do so "by application to the court on noticed motion filed not later than three days before the date set for the hearing on the judgment creditor's application for an assignment order."  CAL. CIV. PROC. CODE § 708.550(a).  To support an exemption claim, the judgment debtor must execute an affidavit containing all matters set forth in CAL. CIV. PROC. CODE § 703.520(b), including a "description of the property claimed to be exempt," a "financial statement if required by Section 703.530," a "citation of the provision of this chapter or other statute upon which the claim is based," and a "statement of the facts necessary to support the claim."  CAL. CIV. PROC. CODE § 703.520(b)(3)-(6).

6.      Section 703.530 requires a financial statement if the debtor claims an exemption "pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor[.]"  CAL. CIV. PROC. CODE § 703.530(a).  Section 703.530(b) specifies the required content of the financial statement, including "[a]ll sources and the amounts of earnings and other income of the judgment debtor and the spouse and dependents of the judgment debtor" and a "list of the assets of the judgment debtor

[PROPOSED] FINDINGS AND CONCLUSIONS - 7

{177609.DOCX }

and the spouse and dependents of the judgment debtor and the value of such assets."  CAL. CIV. PROC. CODE § 703.530(b)(3)-(4).

7.     "Failure of the judgment debtor to make a claim of exemption is a waiver of the exemption."  CAL. CIV. PROC. CODE § 708.550(a).

8.     "The legal standard imposed by § 708.510 does not obligate [the judgment creditor] to provide detailed evidentiary support for its request but only to describe them with sufficient detail so that [the judgment debtor] can file a claim of exemption or other opposition."  *Blue Grass Mfg. Co. of Lexington, Inc. v. Beyond A Blade, Inc.*, Case No. MC 10-80248 WHA (LB), 2011 U.S. Dist. LEXIS 70556, *7 (N.D. Cal. May 6, 2011).  "[W]here a judgment creditor can identify a person or entity which is obligated to make payment to the judgment debtor, and where that 'right to payment' is assignable, the right to payment can be assigned from a third party obligor to the judgment creditor."  *Quaestor Invs., Inc. v. State of Chiapas*, Case No. CV-95-6723 JGD (AJWx), 1997 U.S. Dist. LEXIS 24271, *15-16 (C.D. Cal. Sept. 5, 1997).

9.     California judgment enforcement law also authorizes the Court to enter an order "restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned," CAL. CIV. PROC. CODE § 708.520(a), and requiring the judgment debtor to turn over documentation relating to such rights to payment, CAL. CIV. PROC. CODE § 699.040(a).

[PROPOSED] FINDINGS AND CONCLUSIONS - 8

{177609.DOCX }

10.     "[A]s to what constitutes an adequate showing of need for purposes of obtaining a restraining order" under CAL. CIV. PROC. CODE § 708.520, the "case law . . . indicates that there is a relatively low threshold." *Legal Additions LLC v. Kowalksi*, Case No. C-08-2754 EMC, 2011 U.S. Dist. LEXIS 81179, *7 (N.D. Cal. July 26, 2011).  Restraining orders have been entered "so that [the assigned rights to payment] might be available for satisfaction of the judgment." *Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc.*, Case No. C 03-4792 MMC (MEJ), 2006 U.S. Dist. LEXIS 35479, *9 (N.D. Cal. Feb. 3, 2006).

11.     The evidentiary record supports an assignment of the specified royalty streams from UMG, Capitol Records, EMI, and SoundExchange to H&L, and an order restraining Clinton from disposing of or otherwise encumbering the assigned royalty streams and requiring him to turn over documentation of the assigned royalty streams.

12.     H&L identified specific third-party royalty payors that are obligated to make royalty payments to Clinton, either directly or through his various entities, namely, UMG, Capitol Records, EMI, and SoundExchange.  H&L supported its list of royalty payors with evidence establishing the basis for its belief that these royalty payors owed or would owe royalty payments to Clinton or his entities.

13.     Over the course of these proceedings, Clinton neither challenged the accuracy of H&L's list of royalty payors, nor disputed the existence of his right to

~~[PROPOSED]~~ FINDINGS AND CONCLUSIONS - 9

{177609.DOCX }

receive payments from these payors or the assignability of the payments.  Clinton's opposition instead focused on his contention that H&L should not be assigned "one hundred percent of his royalty income" (ECF No. 31 at 2) because he required some portion of that income to fund his touring and litigation activities.

14.     H&L's evidence of the rights to payment from the specified royalty payors that it seeks to have assigned, which evidence Clinton did not rebut or challenge, is sufficient to meet the minimal burden for an assignment order imposed by Section 708.510.  *See Blue Grass*, 2011 U.S. Dist. LEXIS 70556 at *6; *UMG Recordings, Inc. v. BCD Music Group, Inc.*, Case No. CV 07-05808 SJO (FFMx), 2009 U.S. Dist. LEXIS 97017, *7-8 (C.D. Cal. July 9, 2009).

15.     H&L further established that a large outstanding balance— $1,304,340.72—remains due on the judgment as of September 12, 2014, more than four years after it was entered and registered in this District.  H&L also established that in those four years, Clinton has not made any voluntary payments on the judgment unconnected to H&L's judgment enforcement efforts.  Clinton's failure to comply with his legal obligation to satisfy the judgment against him weighs heavily in favor of an assignment, restraining, and document turnover order.  *See Legal Additions*, 2011 U.S. Dist. LEXIS 81179 at *7-8; *Blue Grass*, 2011 U.S. Dist. LEXIS 70556 at *10-11.

[PROPOSED] FINDINGS AND CONCLUSIONS - 10

{177609.DOCX }

16.     Clinton had the burden of establishing his "reasonable requirements" as a "natural person and of persons supported in whole or in part" by him. CAL. CIV. PROC. CODE § 708.510(c)(1); *see also Transp. Mgmt. & Consulting, Inc. v. Black Crystal Co.*, Case No. C 07-80256 MISC-MJJ (MEJ), 2008 U.S. Dist. LEXIS 8900, *4-7 (N.D. Cal. Jan. 24, 2008).  However, Clinton provided insufficient information with documentary support to enable the Court to determine his reasonable requirements or other income sources available to meet those requirements.

17.     Nonetheless, H&L provided evidence—which Clinton did not dispute—demonstrating that he receives significant revenue from touring, licensing, and other activities.  Clinton did not establish that these other revenue sources are insufficient to meet his reasonable requirements.  Additionally, because H&L no longer seeks an assignment of payments from Cafepress.com, Evan M. Greenspan, Inc. License Trust, Jobete Music Company, Inc., and AARC, Royalty Distribution, those streams are also available to meet his requirements.

18.     Based on this evidentiary record, H&L has satisfied its burden of demonstrating the propriety of, and need for, the limited assignment it now seeks, as well as an order restraining Clinton from disposing of or otherwise transferring the royalty streams at issue and requiring Clinton to turn over documentation relating to those royalty streams.

[PROPOSED] FINDINGS AND CONCLUSIONS - 11

{177609.DOCX }

**IT IS HEREBY ORDERED** as follows:

1.      H&L's Motion for Assignment Order, Restraining Order, and Turnover Order is GRANTED.

2.      IT IS ORDERED that pursuant to CAL. CIV. PROC. CODE § 708.510, all accounts, accounts receivable, rights to payment of money, contract rights, rights to payment of money from third parties, contingent rights, deposits and deposit accounts, claims against third parties and monies due from the following third parties (referred to collectively hereinafter as "Royalty Payors"):

a.      UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS, INC., and all affiliated labels, 2220 Colorado Avenue, Santa Monica, California 90404, and 1755 Broadway, New York, New York 10019, specifically the following accounts:

| Account No. | Account Name |
|---|---|
| XXXX3068 | Clinton George/Clijo Prod-310 |
| XXXX5301 | Clinton George-Paythrough Acc |
| XXXX6304 | Parliament |
| XXXXP730 | Tick Free Music |
| XXXX0297 | Tick Free Music Inc. |
| XXXX4652 | Tick Free Music |

b.      CAPITOL RECORDS, EMI MUSIC, EMI MUSIC NORTH AMERICA, and all affiliated labels, 1750 Vine Street,

[PROPOSED] FINDINGS AND CONCLUSIONS - 12

{177609.DOCX }

Hollywood, California 90028, specifically the following

accounts:

| Account No. | Account Name |
|---|---|
| XXXX7/002 | Red Hot Chili/George Clinton - 7137455 |
| XXXX8/001 | Clinton, George/Clijo Prod - 3101687 |
| XXXX38/002 | Clinton, Ge/Gregory Paul Prod – 3101689 |
| XXXX38/003 | Clinton, George/Scoop of Poop – 3101690 |
| XXXX38/007 | Clinton, George/Clijo Prod – 3601687/3651687 |
| XXXX38/008 | Clinton, George-Paythrough Acct – G.H. |
| XXXX98/001 | Clinton, G/Scoop of Poop Prod - 3101691 |

    c.     SOUNDEXCHANGE, 733 10th Street NW, 10th Floor,

Washington D.C. 20001, specifically account for What

Productions and/or The C Kunspyruhzy F/S/O George Clinton.

and in favor of and for the benefit of Defendant and Judgment Debtor George

Clinton, or any of Defendant's assignees, other persons acting on his behalf, and

any of the following Clinton entities:

    d.     P-Funk, Inc.;

    e.     Clijo Productions, Inc.;

    f.     Disc and Dat, Inc. I;

    g.     Disc and Dat, Inc. II;

    h.     What Production Company, Inc.;

    i.     Tick Free Music Publishing, Inc.;

[PROPOSED] FINDINGS AND CONCLUSIONS - 13

{177609.DOCX }

j.      The Dog In Me, Inc.;

k.      The C Kunspyruhzy, LLC;

l.      PFunk Nation Celebration, Inc.;

m.      Egmitt Productions, Inc.;

n.      A Scoop of Poop Productions, Inc.; and

o.      Exoskeletol Music

are hereby ASSIGNED to Hendricks & Lewis PLLC, c/o Katherine Hendricks, 901 Fifth Avenue, Suite 4100, Seattle, Washington 98164, for purposes of payment of the judgment in the amount of $1,304,340.72, plus interest after September 12, 2014, plus other costs as may be allowed.  The Assignment shall remain in place until such time as the judgment is paid in full, including accrued interest, or until this Order is amended.

3.      IT IS FURTHER ORDERED that pursuant to CAL. CIV. PROC. CODE § 708.510, all accounts, accounts receivable, rights to payment of money, contract rights, rights to payment of money from third parties, contingent rights, deposits and deposit accounts, claims against third parties and monies due Clinton from the following Clinton entities:

a.      P-Funk, Inc.;

b.      Clijo Productions, Inc.;

c.      Disc and Dat, Inc. I;

[PROPOSED] FINDINGS AND CONCLUSIONS - 14

{177609.DOCX }

1

       d.     Disc and Dat, Inc. II;

2

       e.     What Production Company, Inc.;

3

4

       f.     Tick Free Music Publishing, Inc.;

5

       g.     The Dog In Me, Inc.;

6

7

       h.     The C Kunspyruhzy, LLC;

8

       i.     PFunk Nation Celebration, Inc.;

9

10

       j.     Egmitt Productions, Inc.;

11

       k.     A Scoop of Poop Productions, Inc.; and

12

       l.     Exoskeletol Music

13

and in favor of and for the benefit of Defendant and Judgment Debtor George

14

Clinton, or any of Defendant's assignees or other persons acting on his behalf, are

15

hereby ASSIGNED to Hendricks & Lewis PLLC, such that payments due from

16

any of the Royalty Payors to any Clinton entity identified above may be paid

17

directly to Plaintiff and Judgment Creditor Hendricks & Lewis PLLC, c/o

18

19

Katherine Hendricks, 901 Fifth Avenue, Suite 4100, Seattle, Washington 98164,

20

for purposes of payment of the judgment in the amount of $1,304,340.72, plus

21

interest after September 12, 2014, plus other costs as may be allowed.  The

22

23

Assignment shall remain in place until such time as the judgment is paid in full,

24

including accrued interest, or until this Order is amended.

25

26

27

28

~~[PROPOSED]~~ FINDINGS AND CONCLUSIONS - 15

{177609.DOCX }

4.    IT IS FURTHER ORDERED that pursuant to CAL. CIV. PROC. CODE § 708.520, Clinton, his agents, employees, attorneys, accountants, and other representatives, and any and all person(s) acting in concert or participating with any of them, are hereby stayed, prohibited, and enjoined from cashing, negotiating, advancing, collecting, assigning or encumbering any and all accounts, accounts receivable, rights to payment of money, claims for payment of money due from third parties, or other rights subject to the assignment herein.

5.    IT IS FURTHER ORDERED that pursuant to CAL. CIV. PROC. CODE § 699.040, Clinton shall deliver all checks, cash, notes, instruments, deposits, deposit accounts, drafts, accounts receivable ledgers or journals, or any other tangible item of payment received by Clinton or his agents, employees, attorneys, accountants, and other representatives pertaining to the rights to payment subject to the assignment herein to the Marshal, Central District of California, 255 E. Temple Street, Room 346, Third Floor, Los Angeles, California 90012-4798.

IT IS SO ORDERED.

December 5, 2014.

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

[PROPOSED] FINDINGS AND CONCLUSIONS - 16
{177609.DOCX }