**O**

# United States District Court
# Central District of California

| | |
|---|---|
| HENDRICKS & LEWIS PLLC,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE CLINTON,<br><br>Defendant. | Case No. 2:10-cv-09921-ODW(PLA)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [288]** |

## I.   INTRODUCTION

On December 5, 2014, the Court issued two orders in this case. First, the Court granted Plaintiff Hendricks & Lewis PLLC's ("H & L") Motion for Assignment Order, Restraining Order, and Turnover Order. (ECF No. 285.) The Court also denied Defendant George Clinton's Motion for Release of Levies, Stay of Enforcement, and Implementation of Installment Payment Plan. (ECF No. 286.) Pending before the Court is Clinton's Motion for Reconsideration, in which he asks the Court to reconsider both of the orders it issued on December 5, 2014. (ECF No. 288.) For the reasons discussed below, the Court **DENIES** Clinton's Motion for Reconsideration.[1]

///

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

This action began over four years ago when H & L filed a Certificate of Judgment from the Western District of Washington with this Court. (ECF No. 1.) The Judgment was in favor of H & L and against Clinton in the amount of $1,675,639.82. (*Id.*) The underlying dispute involved a decade-old attorneys' fee battle between H & L and Clinton. After filing the Certificate of Judgment, H & L filed a Motion for Assignment Order, Restraining Order, and Turnover Order on December 27, 2010. (ECF No. 5.) The Court initially denied H & L's Motion on September 27, 2011 (ECF No. 171), but that order was subsequently vacated and remanded by the Ninth Circuit, *see Hendricks & Lewis PLLC v. Clinton*, 596 Fed. Appx. 521 (9th Cir. 2014).

On remand, the Court then granted H & L's previously-denied Motion and denied Clinton's Motion for Release of Levies, Stay of Enforcement, and Implementation of Installment plan. (ECF Nos. 285, 286.) Clinton now moves for the Court to reconsider those Orders. The Court incorporates the Findings of Fact from those previous Orders. (*See id.*)

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits a party to seek reconsideration of a final judgment or court order. The Central District of California Local Rules provide the proper bases for which a party may seek reconsideration:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision; (b) the emergence of new material facts or a change of law occurring after the time of such decision; or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

Additionally, "[u]nder L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

## IV. DISCUSSION

Clinton's Motion to Reconsider is exclusively based on the Court's alleged "failure to consider material facts presented to the Court before such decision." (ECF No. 288 ["Def. Br."].) Clinton identifies two sets of facts that the Court allegedly failed to consider: (1) the out-of-state status of four affected entities, and (2) the definition of the term "contract rights."[2] (*Id.* at 2, 5.) As discussed below, both arguments are meritless.

### A. Out-of-State Entities

Clinton first argues that the Court's December 5, 2014 Order "affirmatively allowed the 'reverse piercing' and assignment of assets and royalty income streams" of four out-of-state entities not previously named as parties. (Def. Br. at 2.) Clinton identifies the following four entities: (1) C Kunspyruhzy, LLC, a Florida company; (2) Tick Free Music Publishing, Inc., a Florida corporation; (3) What Productions, Inc., a Florida corporation; and (4) A Scoop of Poop Productions, Inc., a Michigan corporation. (*Id.*)

There are two independent grounds to reject this argument. First, Clinton makes no "manifest showing" of *any* failure to consider material facts. The Court specifically considered each of Clinton's identified facts when granting H & L's Motion. In the Court's December 5 Order, the Court explicitly identifies each of the four entities in question as well as the entities' citizenship. (*See* ECF No. 285 at 5.) Second, Clinton's argument is nothing more than a recitation of a previously rejected legal argument. In his original opposition to H & L's Motion, Clinton made this *exact*

---

[2] Clinton's claim that typos in the Final Judgment "make it difficult to ascertain the Court's meaning" is rejected. Even assuming that the identified lines of text are in fact typos, which the Court rejects, Clinton offers no explanation as to how the meaning is misconstrued.

argument.  (*See* ECF No. 277.)  Local Rule 7-18 provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  L.R. 7-18.  Clinton's first argument is in direct conflict with this Court's local rules and makes no manifest showing of this Court's failure to consider material facts.  Therefore, the Court rejects this first argument.

### B.     "Contract Rights" Clarification

In his second argument, Clinton "seeks reconsideration and/or clarification of the definition of the term 'contract rights' as set forth in [the Order]."  (Def. Br. at 5.)  Clinton claims that the phrase "contract rights" could be misinterpreted to include "information which is different in kind than the rights to payment of money."  (*Id.*)

The Court finds that on the balance, the December 5, 2014 Order is quite clear that its purpose is to fulfill a judgment of $1,304,340.72.  Clinton is attempting to manufacture confusion by singling out a single term.  However, the Order is not confusing when read in its entirety.  The Court rejects Clinton's second argument.

## V.     CONCLUSION

For the reasons discussed above, the Court **DENIES** Clinton's Motion for Reconsideration.  (ECF No. 288.)

**IT IS SO ORDERED.**

February 5, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**